IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-4243-NKL |
| | ) | |
| GEORGE LOMBARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6) AND
MEMORANDUM IN SUPPORT**

 

**CHRIS KOSTER**
Attorney General

Gregory M. Goodwin
Assistant Attorney General
Missouri Bar No. 65929
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573)751-7017
Facsimile: (573)751-3825
Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................... ii

SUMMARY OF THE ARGUMENT........................................................................1

I. This suit is barred by the Eleventh Amendment because it falls outside of *Ex Parte Young*. ................................................................................................1

II. McDaniel has failed to state a claim upon which relief can be granted. ............3

    A. As a matter of law, viewing a Missouri execution is not a "benefit". .............4

    B. McDaniel does not plead facts that establish that the Director has placed an unconstitutional condition on viewing an execution. ...................................5

III. McDaniel does not have Article III standing because he does not have an injury-in-fact..........................................................................................................7

    A. The federal constitution does not create a legally-protected interest to witness an execution.................................................................................8

    B. Missouri state law does not create a legally-protected interest to be selected by the Director to witness an execution. ...............................................9

CONCLUSION..............................................................................................13

CERTIFICATE OF SERVICE...........................................................................13

# TABLE OF AUTHORITIES

## Cases

*Alexander v. Hedback*, 718 F.3d 762 (8th Cir. 2013) ............................................................... 6

*Arizona State Legislature v. Arizona Independent Redistricting Com'n.,* 135 S. Ct. 2652 (2015) .............................................................................................................................. 8

*Arkansas Times, Inc. v. Norris*, 2008 WL 110853 (E.D. Ark. Jan. 7, 2008) ................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 6, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) ............................................... 6, 7

*California First Amendment Coalition v. Woodford*, 299 F.3d 686 (9th Cir. 2002) .... 8

*Dolin v. City of Tigard*, 512 U.S. 374 (1994) ................................................................ 4

*Ex Parte Young*, 209 U.S 123, 156 (1908) .................................................................... 2

*Grawitch v. Charter Communications*, 750 F.3d 956 (8th Cir. 2014) .......................... 6

*Houchins v. KQED*, 438 U.S. 1 (1978) (plurality) ......................................................... 9

*Kentucky Dept. of Corr' v. Thompson*, 490 U.S. 454 (1989) ...................................... 11

*L.L. Nelson Enterprises, Inc. v. County of St. Louis*, 673 F.3d 799 (8th Cir. 2012) .... 4

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................... 8

*Marshall v. Mitchell*, 57 F.3d 671 (8th Cir. 1995) ...................................................... 10

*McBurney v. Young*, 133 S. Ct. 1709 (2013) ................................................................ 9

*Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766 (8th Cir. 2012) ................................................................................................................................ 6

*Rice v. Kempker*, 374 F.3d 675 (8th Cir. 2004) ............................................................ 8

*State ex rel. Taylor v. Russell*, 449 S.W.3d 380 (Mo. 2014) ......................... 3, 5, 10, 12

*Zink v. Lombardi,* 783 F.3d 1089 (8th Cir. 2015) (en banc) .......................................... 9

**Statutes**

Mo. Rev. Stat. § 546.720 ........................................................................................ 2

Mo. Rev. Stat. § 546.740 ................................................................................ 1, 9, 10

# SUMMARY OF THE ARGUMENT

Plaintiff McDaniel complains that Missouri law provides Director Lombardi "unbridled discretion" in selecting execution witnesses. This Court has no jurisdiction to hear the suit because it is barred by Eleventh Amendment immunity. This case does not fit within the *Ex Parte Young* exception, in that the witness statute does not provide the Director with enforcement powers against McDaniel.

Furthermore, McDaniel's complaint does not clearly state a cause of action. McDaniel may be claiming that his due process rights were violated because the Director's selection process is unconstitutional. If that is McDaniel's claim, then the Court should grant the motion to dismiss because McDaniel has failed to state a claim upon which relief can be granted (point II). But, McDaniel may be claiming that his due process rights were violated when he was not selected to be an execution witness. If that is McDaniel's claim, then the Court should grant the motion to dismiss because McDaniel does not have Article III standing, in that witnessing an execution is not a legally-protected interest (point III). Ultimately, McDaniel's complaint is deficient and should be dismissed.

**I. This suit is barred by the Eleventh Amendment because it falls outside of *Ex Parte Young*.**

In this case, McDaniel has sued George Lombardi in his official capacity as the Director of the Department of Corrections. McDaniel is challenging Mo. Rev. Stat. § 546.740, which requires the Director to select at least eight execution witnesses. The Eleventh Amendment bars suits against a State, but *Ex Parte Young*

1

is an exception. The *Ex Parte Young* exception allows a suit to proceed if the defendant, a state official, has some power to enforce a statute against the plaintiff. But, Director Lombardi has no power to launch any type of enforcement action under Mo Rev. Stat. § 546.740 against McDaniel. So, this case falls outside of *Ex Parte Young*, and is barred by the Eleventh Amendment.

In *Ex Parte Young*, 209 U.S 123, 156 (1908), the Supreme Court held that state officers may be sued to prevent enforcement of an unconstitutional state statute without violating the Eleventh Amendment. But, a suit could only proceed if these are officers who "are clothed with some duty with regard to the enforcement of the laws of the state, and who threaten or are about to commence proceedings either of a civil or criminal nature to enforce against parties affected an unconstitutional act." *Id*. In *Balogh v. Lombardi*, 816 F.3d 536 (8th Cir. 2016), the United States Court of Appeals explained that the *Ex Parte Young* exception required the named state official to have some power to enforce a statute against the plaintiff. *Balogh*, 816 F.3d at 546. A state official is not "enforcing" a statute when that official implements a statute in an administrative or ministerial way. *Id*. The Eighth Circuit held that when the Director selects execution team members, he is not enforcing a statute. *Id*. at 545.

The Director does not have enforcement power under either the statute in *Balogh* or the statute in this case. In *Balogh*, the statute at issue—Mo. Rev. Stat. § 546.720—required that the Director select members of the execution team. *Id*. at 540. Selecting members of the execution team is not an enforcement action, it is an

2

administrative or ministerial duty. *Id.* at 546. In this case, the only connection that the Director has to Section 546.740 is that it requires him to select at least eight execution witnesses that meet the statutory requirements. Mo. Rev. Stat. § 546.740.[1] And like in *Balogh*, selecting execution witnesses is not an enforcement action against McDaniel, it is an administrative or ministerial duty.

Under the rule in *Balogh*, when the Director selects execution witnesses under Section 546.740 he is carrying out a ministerial or administrative duty. Ministerial or administrative actions are not enforcement within the meaning of *Ex Parte Young*. Because this case is outside of *Ex Parte Young*, the suit is barred by the Eleventh Amendment. This Court must grant the motion to dismiss.

## II. McDaniel has failed to state a claim upon which relief can be granted.

McDaniel's complaint does not clearly plead a cause of action. McDaniel may be asserting that his due process rights were violated when he was not selected to be an execution witness. If so, McDaniel has failed to state a claim for two reasons. First, McDaniel is wrong that viewing a Missouri execution is a government benefit. Second, McDaniel has failed to plead any facts that establish that the Director is acting unconstitutionally.

---

[1] McDaniel claims that Mo. Rev. Stat. 546.740 actually vests this duty in the Missouri Attorney General (Doc. 1, p. 2 n.1). Despite McDaniel's claims about the "literal language of the statute," the Missouri Supreme Court has held that the duty is placed on the Director, not the Attorney General. *State ex rel. Taylor v. Russell*, 449 S.W.3d 380, 382 (Mo. 2014).

3

*Elements of an Unconstitutional-Conditions Claim*

An unconstitutional-conditions claim requires a plaintiff to allege that the State has conditioned the grant of a privilege or benefit on a private party's surrender of a constitutional right. *L.L. Nelson Enterprises, Inc. v. County of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012). If the complaint does not identify a government benefit, then the complaint fails as a matter of law. If the complaint does not plead facts that demonstrate that the State is requiring a party to surrender a constitutional right, then the complaint fails.

**A. As a matter of law, viewing a Missouri execution is not a "benefit".**

McDaniel's complaint pleads that "serving as an execution witness" is a "benefit" (Doc. 1, p. 6 ¶ 34). Not so. Government benefits are typically subsidies (like Medicaid payments) or access to permits (like land-use permits), and no case holds that watching an execution is a government benefit. Moreover, Missouri's execution witness statute places a duty on the Director and does not grant a "benefit" to the public.

Many cases describe government benefits. For example, the Supreme Court has explained that tax exemptions, unemployment benefits, welfare payments, and public employment all qualify as government benefits. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). More recently, the Supreme Court has also explained that government benefits include a land-use permit. *Dolin v. City of Tigard*, 512 U.S. 374, 385 (1994). All of these benefits are property interests.

4

This case does not involve access to subsidies or payments like tax exemptions or unemployment benefits. This case involves McDaniel's desire to watch Missouri carry out an execution. McDaniel is asking this Court to go where no court has gone before: declare that watching an execution is a "benefit" from the government. There is simply no authority for the idea that witnessing an execution is a "benefit," or that McDaniel has a property interest or a liberty interest in watching Missouri carry out an execution.

Moreover, in the context of tax exemptions, unemployment benefits, welfare payments and public employment, an individual receives the benefit if they qualify. That is because the purpose of those regulatory schemes is to provide something to the public, not to place a duty on a government official. But Missouri's execution witness statute is different. The purpose of the Director-Witness portion is to place a ministerial or administrative duty on the Director. *See Taylor*, 449 S.W.3d at 382. McDaniel does not, and cannot, explain how the Director's duty to select execution witnesses is transformed into McDaniel's "benefit."

**B. McDaniel does not plead facts that establish that the Director has placed an unconstitutional condition on viewing an execution.**

McDaniel's unconstitutional-condition theory also fails under Rule 12(b)(6) because McDaniel has not pleaded that any unconstitutional condition has been imposed. And, McDaniel has not pleaded any facts that support that theory. Instead, McDaniel has pleaded that the "policies and customs *allow*" an

5

unconstitutional condition to be imposed, or that there is a "risk" of an unconstitutional condition, or that there is an "opportunity" for an unconstitutional condition to be imposed (Doc. 1, p. 6 ¶34; p. 2 ¶5; p. 5 ¶27). Complaints must have facts, not speculation.

"To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Grawitch v. Charter Communications*, 750 F.3d 956, 960 (8th Cir. 2014), *quoting Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013), *quoting Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoting Iqbal*, 566 at 678.

McDaniel's complaint does not plead facts that support his speculation that an unconstitutional condition may have been imposed. McDaniel failed to meet his burden, even if the Court assumes that McDaniel has pleaded the existence of an unconstitutional condition (e.g. a violation of his First Amendment rights). McDaniel fails because he must plead facts, not speculation.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), the plaintiff's complaint alleged that there was a conspiracy. *Twombly*, 550 U.S. at 564. But, the

6

Supreme Court held that the plaintiff's complaint had to be dismissed because the plaintiff failed to plead any facts that *established* the conspiracy. *Id*.

Likewise, in *Iqbal*, the plaintiff alleged that he was arrested and detained because of a policy adopted by the defendants. *Iqbal*, 556 U.S. at 680–81. The Supreme Court explained that the plaintiff did not plead any to support his claim, and that his complaint contained only "threadbare assertions" and a "formulaic recitations of the elements of a constitutional discrimination claim." *Id*. at 681, *quoting Twombly*, 550 U.S. at 555.

McDaniel's complaint is more deficient than the complaints in *Twombly* and *Iqbal*. In those cases, the plaintiffs alleged that impermissible activity *actually occurred*, but failed to plead facts that proved their claim. But here, McDaniel never even asserts that the Director has done anything impermissible. And, McDaniel does not plead any facts that support an allegation of impermissible activity. All McDaniel pleads is that there is a "risk" or "opportunity" for the Director to do something impermissible. That is not enough.

Because McDaniel does not plead that the Director has done anything wrong, and because McDaniel does not plead facts that support the idea that the Director has done anything wrong, McDaniel's complaint cannot survive a motion to dismiss.

### III. McDaniel does not have Article III standing because he does not have an injury-in-fact.

McDaniel has not pleaded that he has any recognized liberty or property interest that has been deprived by the Director. And, McDaniel has not pleaded

7

facts that would establish any recognized liberty or property interest. Instead, McDaniel has pleaded that he was not selected to witness an execution. Neither the federal constitution, nor Missouri statute creates a legally protected interest in witnessing a Missouri execution.

*Standard of Review*

Standing requires plaintiff McDaniel to show: (1) an injury-in-fact; (2) that is fairly traceable to the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision. *Balogh*, 816 F.3d at 541, *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In order to establish an injury-in-fact, the plaintiff must establish the invasion of a legally protected interest. *Arizona State Legislature v. Arizona Independent Redistricting Com'n.,* 135 S. Ct. 2652, 2663 (2015). That invasion must be concrete, particularized, and actual or imminent as opposed to conjectural or hypothetical. *Balogh*, 816 F.3d at 541.

**A. The federal constitution does not create a legally-protected interest to witness an execution.**

The Supreme Court has not recognized a right to view an execution. *Arkansas Times, Inc. v. Norris*, 2008 WL 110853, slip op. at *2 (E.D. Ark. Jan. 7, 2008). The United States Court of Appeals for the Eighth Circuit has not recognized a right to view an execution. *Rice v. Kempker*, 374 F.3d 675, 678 (8th Cir. 2004). No decisions of this Court have recognized a right to view an execution. It is true that the Ninth Circuit has found a First Amendment right to witness an execution. *California First Amendment Coalition v. Woodford*, 299 F.3d 686 (9th Cir. 2002).

8

But, the Eighth Circuit was asked to adopt the holding in *Woodford*. The Eighth Circuit declined to do so. *Rice*, 374 F.3d at 678.

Without a decision from any of these courts recognizing a right to witness an execution, McDaniel has failed to demonstrate that he has a legally-protected interest in witnessing an execution.

McDaniel may be alleging that his injury-in-fact is the denial of "the opportunity to witness an execution and report on what was witnessed." (Doc. 1, p. 2 ¶5). But that is not an injury-in-fact because there is no constitutional right to gather information that is in the government's hands. *Houchins v. KQED*, 438 U.S. 1, 15 (1978) (plurality); *see also McBurney v. Young*, 133 S. Ct. 1709, 1718 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws").

**B. Missouri state law does not create a legally-protected interest to be selected by the Director to witness an execution.**

McDaniel may be asserting that Mo. Rev. Stat. § 546.740 creates a right to witness an execution in Missouri. (Doc. 1, p. 6 ¶34). Mo. Rev. Stat. § 546.740 does not confer upon the citizens a legally-protected interest to witness the execution, instead it places a duty on the Director to select eight witnesses.

Mo. Rev. Stat. § 546.740 provides:

> The chief administrative officer of the correctional center, or his duly appointed representative shall be present at the execution and the director of the department of corrections shall invite the presence of the attorney general of the state, and at least eight reputable citizens, to be selected by him; and he shall at the request of the defendant, permit such clergy or religious leaders, not exceeding two, as the

9

defendant may name, and any person, other than another incarcerated offender, relatives or friends, not to exceed five, to be present at the execution, together with such peace officers as he may think expedient, to witness the execution; but no person under twenty-one years of age shall be allowed to witness the execution.

The Missouri Supreme Court has held that Mo. Rev. Stat. § 546.740 does two things. First, it imposes a duty on the Director to select execution witnesses. Second, the statute vests a right to attend an execution *in those selected by the condemned prisoner*. *Taylor*, 449 S.W.3d at 382. In *Taylor*, the condemned prisoner selected his statutory witnesses, including a co-defendant. *Id.* at 380–81. The Director refused to allow the co-defendant to attend. *Id.* at 381. The Missouri Supreme Court explained that the Director had no statutory authority to refuse a condemned prisoner's witness unless the witness is incarcerated or under the age of 21. *Id.*

McDaniel does not acknowledge or complain about how the prisoner selects witnesses.[2] Instead, McDaniel complains about the Director-Witness portion of the statute. But, that portion of the statute does not create a legally-protected interest to attend an execution because the Director is vested with nearly unlimited discretion to carry out his ministerial or administrative duty.

Cases from the United States Court of Appeals for the Eighth Circuit dealing with parole are on point. In those cases, plaintiffs claimed that parole is a "benefit" created by statute. *See, e.g., Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995).

---

[2] McDaniel's complaint asserts that he can only attend an execution if selected by the Director. (Doc. 1, p. 6 ¶35). Not so. He could be selected by the condemned prisoner. *See Taylor*, 449 S.W.3d at 382.

10

The Eighth Circuit has explained that parole is not a legally-protected interest because Missouri's statute does not create a liberty interest in parole. *Id*. In order to create a liberty interest, a Missouri statute must contain "'substantive predicates' to the exercise of discretion and 'specific directives to the decision-maker that if the regulations' substantive predicates are present, a particular outcome must follow.'" *Id*. (further citations omitted). The Eighth Circuit's holding follows from the Supreme Court's ruling that "Stated simply, 'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Kentucky Dept. of Corr' v. Thompson*, 490 U.S. 454, 462 (1989).

In *Thompson*, the Supreme Court found there was no protected liberty interest created by prison regulations that gave the prison wide discretion to allow or refuse individual visitors. *Id*. The Supreme Court explained there was no due process violation because there was no protected liberty interest, in that "the regulations are not worded in such a way that an inmate could reasonably expect to enforce them against the prison officials." *Id*. Here, the statute is not worded in such a way that an applicant could reasonably expect to enforce the statute against the Director.

In this case, the Director-Witness provision does not create a protected interest, even though the condemned prisoner witness provision *does* create a protected interest. The Director-Witness provision does not contain "substantive predicates to the exercise of discretion and specific directives to the decision-maker that if the regulations' substantive predicates are present" then an applicant must

11

be selected. The statute gives the Director the duty to have an execution witnessed by at least eight people, and then the statute provides the Director with nearly unlimited discretion to carry out that duty. The only statutory limitations placed on the Director are that there must be (1) at least eight witnesses, (2) that are all at least 21 years old and (3) reputable citizens. Mo. Rev. Stat. § 546.740. The statute does not contain any provision that requires a particular selection because the statute vests the Director with nearly unlimited discretion.

In contrast, the condemned prisoner witness provision does create a protected interest. The statute creates substantive predicates: there cannot be more than five witnesses, and each witness must at least 21 years old, and not an incarcerated offender.[3] If these substantive predicates are met, then the Director "shall" allow the witnesses to attend. *Taylor*, 449 S.W.3d at 382. Because of the difference between the provisions, there is no legally-protected interest to be selected by the Director.

The burden to demonstrate Article III standing is on McDaniel. *Balogh*, 816 F.3d at 541. McDaniel has not identified or pleaded any legally-protected interest that the Director has allegedly invaded. The Director has established that neither the federal constitution nor state law gives McDaniel and legally-protected interest in viewing an execution. So, McDaniel has failed to demonstrate that he has Article III standing. Therefore, this Court must grant the motion to dismiss.

---

[3] This discussion does not include the religious witnesses allowed to the condemned prisoner.

12

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant prays that this Court dismiss the complaint.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Gregory M. Goodwin*
Gregory M. Goodwin
Assistant Attorney General
Missouri Bar # 65929
P.O. Box 899
Jefferson City, MO 65102
(573) 751-7017
(573) 751-3825 Fax
gregory.goodwin@ago.mo.gov
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on this 2nd day of September, 2016. This Court's electronic filing system should serve counsel for Mr. McDaniel.

/s/ *Gregory M. Goodwin*
Assistant Attorney General