```
 1           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF MISSOURI
 2                    CENTRAL DIVISION

 3
     CHRISTOPHER S. McDANIEL,       )
 4                                  )
              Plaintiff,            )  No. 16-04243-CV-C-NKL
 5                                  )  December 29, 2016
        V.                          )  Jefferson City, Missouri
 6                                  )  CIVIL
     GEORGE A. LOMBARDI,            )
 7                                  )
              Defendant.            )
 8                                  )

 9

10
                    TRANSCRIPT OF TELECONFERENCE
11
             BEFORE THE HONORABLE NANETTE K. LAUGHREY
12            SENIOR UNITED STATES DISTRICT JUDGE

13       Proceedings recorded by electronic stenography
                   Transcript produced by computer
14

15                     APPEARING BY TELEPHONE

16
     For Plaintiff:          MS. JESSIE STEFFAN
17                           American Civil Liberties Union of
                             Missouri Foundation
18                           454 Whittier Street
                             St. Louis, MO 63108
19
     For Defendant:          MR. GREGORY MICHAEL GOODWIN
20                           Missouri Attorney General's Office
                             P.O. Box 899
21                           Jefferson City, MO 65102

22

23

24

25

                     Kathleen M. Wirt, RDR, CRR
                      United States Court Reporter
         400 E. 9th Street, Suite 7452 * Kansas City, MO 64106
                           816-512-5608
```

DECEMBER 29, 2016

- - -

COURTROOM DEPUTY: Judge Laughrey is joining the conference call. Please identify yourself and the party you represent, beginning with plaintiff.

MS. STEFFAN: Good morning, Judge. This is Jessie Steffan on behalf of Plaintiff Christopher McDaniel.

MR. GOODWIN: Good morning, Your Honor. This is Greg Goodwin on behalf of the Missouri Department of Corrections and George Lombardi.

THE COURT: Good morning. This is Judge Laughrey speaking. I wanted to give you an opportunity to make any presentations you have concerning the outstanding motion to dismiss. I specifically am interested in the difference between the facial and as-applied part of the claim.

So I will let defendants begin because it is your motion.

MR. GOODWIN: Your Honor, for the -- this is Greg Goodwin for Mr. Lombardi.

The differences between a facial and an as-applied challenge in this case are -- might be in a traditional case because there's not been any actual allegations by the plaintiff that any untoward act has actually occurred. There's an allegation that it's possible that some unconstitutional action has been taken, but there's not been any allegation that

3

1  the offense did, in fact, happen.  And that's really what's
2  necessary to survive a motion to dismiss.  Setting aside, of
3  course, the sovereign immunity defense that we also present.
4           THE COURT:  All right.  And plaintiff?  Are you
5  making both a facial and as-applied, and could you please
6  explain to me how you see the difference between those two in
7  this case?
8           MS. STEFFAN:  Yes, Your Honor.  So we have made both
9  a facial and an as-applied challenge.  And we believe that --
10          COURT REPORTER:  I'm sorry.  I'm having a hard time
11 hearing.  There is some interference or something.
12          MS. STEFFAN:  Yes, I hear it too, Your Honor.
13          THE COURT:  I guess if somebody is outside, they
14 need to put their phone on so we can't hear the background
15 noise.
16          MR. GOODWIN:  I'm sorry, Your Honor.  Is that
17 better?
18          THE COURT:  That's better for now.  Let's go ahead.
19          MS. STEFFAN:  Okay.  Your Honor, yes, we have -- we
20 are bringing both a facial challenge and as-applied challenge.
21 We believe for the facial challenge, it is enough to show that
22 there is a policy -- or to allege, rather, that there is a
23 policy related to expression that places unbridled discretion
24 in the hands of a government official.  So here, we believe
25 that for a facial challenge, it is enough to just say that the

Department of Corrections policy, because it places unbridled discretion in the hands of Director Lombardi, creates an unjustifiable risk of viewpoint discrimination, and that is enough to show a facial attack on the law. And there is some case law to that effect in our brief, including the Supreme Court case, *City of Lakewood*.

And we also are bringing an as-applied challenge because we believe that Mr. McDaniel has presented some specific allegations that cause the Court to be able to make a reasonable inference that viewpoint discrimination did occur in this case. For example, that the department asks about First-Amendment-protected activity on its execution witness application, including whether a person has ever been a member of a group opposing or supporting the death penalty. And also that Mr. McDaniel has sought and reviewed all of the witness execution applications for a one-year period and found that every person who wrote that they wanted to ensure the constitutionality of the execution process was denied the opportunity to serve as a witness like he was. And so those allegations we believe are enough to show an as-applied challenge to the department's policy in this case.

THE COURT: All right. I'd like to give defendant an opportunity to respond to that because, as I understand from your brief and what you have just said, you are claiming that there is no such allegation in the complaint. Is that your

position and, if so, what are you pointing to?

MR. GOODWIN: Yes, Your Honor. This is Greg Goodwin for the defendant.

Mr. McDaniel's complaint -- and I'm looking specifically on Pages 6, paragraph 34, Page 2, paragraph 5, Page 5, paragraph 27 -- talk about a risk or an opportunity for some sort of untoward activity to happen, not that anything did occur. And that -- that is fatal. The *Lakewood* case that Mr. McDaniel relies on is, in Mr. Lombardi's view, not appropriate for this case because *Lakewood* is a case about defendants who -- or I'm sorry, a plaintiff who could not operate a newspaper without a government.

In this case, Mr. McDaniel could view a execution, even without the Director's -- you know, even without being selected by the Director. Whereas in *Lakewood*, the plaintiff could not operate a newspaper without the government's approval.

THE COURT: Well, let me stop you there for a minute because maybe I have misunderstood. Do you mean that the executions are public and anybody can go in or that any newspaper person could go in?

MR. GOODWIN: No, Your Honor. As I point out in my brief, the statute gives the offender the opportunity to select witnesses, and the Missouri Supreme Court has said that the Director of the Department of Corrections does not have

authority to stop those witnesses selected by the condemned prisoner from viewing the execution unless they don't meet the age requirement or, you know, the other specific citizenship requirement in that statute. And so Mr. McDaniel can view an execution if selected by a condemned man. And he's --

THE COURT: Okay. I understand your argument as to that point.

Now, when you talk about in the complaint they talk about risk of discrimination, obviously that's dealing with the facial challenge; but are you saying that there's nothing in the complaint to suggest that they're also charging as-applied based upon the specific facts that the plaintiff has outlined?

MR. GOODWIN: Yes, Your Honor. What Mr. Lombardi's position is is that Mr. McDaniel has said, look, I looked at the witness applications, and nobody who wrote what I wrote was selected, but that's not enough to say that the reason for not being selected was because of what was written. There could have been other reasons. So there's not the linkage that's required for Mr. McDaniel to have pled that.

Additionally, speaking to those specific factual allegations, another fatal problem with Mr. McDaniel's complaint is he outlines a list of news articles that he wrote. He never alleges that Mr. Lombardi is even aware of those news articles, and Mr. McDaniel does allege that he only filed one application to be selected as an execution witness. He does

1  not allege that it's on a rolling basis for selection.

2  So, in other words, Mr. McDaniel filed one application to be a witness, and then many, if not all, of his articles were published after that execution took place, I think in February or January of 2014. So even if Mr. McDaniel had pled that those articles had been, you know -- that the Director had been made aware of those articles, there's still no linkage between articles that were written after the application was denied and the reason for the denial.

10 THE COURT: All right. I think I understand the position of the parties on this. Does defendant wish to address any other matters concerning the motion at this time?

13 MR. GOODWIN: Yes, Your Honor. I just have two brief things I would like to discuss, and that is -- the first is that the Director thinks that the sovereign immunity argument under the *Balogh* case is controlling, regardless of whether it's a facial or an as-applied challenge, so I would be remiss if I didn't just briefly reassert that.

19 And then the other issue I'd like to discuss is a brief scheduling matter with respect to the motions to dismiss.

21 THE COURT: Okay.

22 MR. GOODWIN: There's a scheduled execution at the end of the month of January, and so I just wanted to make the Court aware that there is an execution. As of right now, no court has issued a stay. I know there's some litigation in the

1  Eighth Circuit on that issue, but I just wanted to sort of put
2  that on the Court's radar.  If there was going to be any
3  injunctive relief that was considered, I would just ask that
4  that be issued with enough time for defendants to look at that
5  and make a decision about whether or not we need to seek
6  review.
7          THE COURT:  I understand. Thank you for bringing it
8  to my attention.  Anything further for plaintiff?
9          MS. STEFFAN:  Yes, Your Honor.  I just wanted to
10 address defendant's argument about sovereign immunity and the
11 applicability of the *Balogh* case.  Just as we -- just to
12 reiterate, as we stated in our brief, in that case, the
13 plaintiffs were challenging a statute, and the Eighth Circuit
14 found that Director Lombardi's relationship with the statute
15 was too attenuated to show that he had any control over how
16 that statute was exercised.  But here the plaintiff is
17 challenging a Department of Corrections policy, which the
18 Director has complete control over.  And so just as we stated
19 in our brief, we do not believe that case is controlling.
20         THE COURT:  All right. Thank you both, and I think
21 I have the clarification that I need at this time.  The matter
22 is taken under advisement.
23         MS. STEFFAN:  Thank you, Your Honor.
24         MR. GOODWIN:  Thank you, Your Honor.
25         (Hearing adjourned.)

1           - - -

2           - - -

3                       **CERTIFICATE**

4       I certify that the foregoing is a correct transcript

5  from the record of proceedings in the above-entitled matter.

6

7

8  January 3, 2017

9                              /s/_____
                               Kathleen M. Wirt, RDR, CRR
10                             U.S. Court Reporter