IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER S. MCDANIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:16-cv-04243-NKL |
| ANNE L. PRECYTHE, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

Before the Court is Defendant's Motion to Stay Proceedings Pending Appeal [Doc. 31]. For the following reasons, Defendant's Motion is granted.

**I.  Background**

Plaintiff Christopher McDaniel is an investigative reporter whose work is primarily focused on the death penalty. His reporting has at times been critical of Missouri officials. In January 2014, Plaintiff applied to witness a Missouri execution by completing the Missouri Department of Correction's State Witness Application form. He never received a response and was not afforded the opportunity to be a witness.

Under Mo. Rev. Stat. § 546.740, "the director of the department of corrections shall invite the presence of . . . at least eight reputable citizens, to be selected by him . . . to witness [an] execution." The Missouri Department of Corrections maintains no policy governing requests to witness an execution by members of the public or media, leaving the decision to the Director's discretion. There are no departmental polices for how he should exercise his discretion.

1

Plaintiff filed suit charging that the Department of Correction's lack of criteria for the selection of execution witnesses is a violation of the First Amendment "in that the opportunity to witness an execution and report on what was witnessed requires permission that is given or withheld without any specific standards, other than age." This unbridled discretion allegedly creates an impermissible risk that free expression will be suppressed. [Doc. 1, p. 2].

Defendant filed a Motion to Dismiss under Rule 12(b)(1) for lack of subjection matter jurisdiction and lack of standing. Specifically, Defendant argues she is immune from suit under Eleventh Amendment sovereign immunity. Defendant also moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Court denied Defendant's Motion to Dismiss on December 30, 2016 and Defendant immediately filed a notice of interlocutory appeal as a matter of right under 28 U.S.C. §1291. The appeal is currently pending before the Eighth Circuit and Defendant moved to stay proceedings pending that appeal.

**II.     Discussion**

Defendant argues "[a]n automatic stay is appropriate in this case because McDaniel intends to engage in discovery during the pendency of this appeal." [Doc. 31, p. 1]. Defendant contends that "unless the appeal is frivolous, discovery must be stayed pending appeal" because the Eleventh Amendment operates as a bar preventing suit in the first instance. *Id.* at 2 (citing *Alan Wright, et al.*, 15A Fed. Prac. & Proc. Juris. § 3914.10 (2nd ed.), § 3914.10-Finality-Orders Prior to Trial-Immunity Appeals, n. 73). Although Plaintiff contends Defendant is not entitled to an automatic stay, Plaintiff "has no objection, if this Court deems it appropriate" to grant the motion for docket management. [Doc. 38, p. 5].

2

"A district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the case so as to maintain the orderly processes of justice.'" *Ryan v. Gonzales*, 133 S. Ct. 696, 708 (2013) (citation omitted). In order to appropriately manage the docket pending appeal, and because the Plaintiff does not object to this reason for a continuance, the motion is granted.

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Stay Proceedings Pending Appeal, [Doc. 31], is granted.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 3, 2017  
Jefferson City, Missouri